*Allen v. Padilla*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand twenty-six.

Present:
        BARRINGTON D. PARKER,
        REENA RAGGI,
        MICHAEL H. PARK,
                *Circuit Judges.*

_____

TRACY Y. ALLEN,

        *Plaintiff-Appellant*,

        v.                                                    25-623

ROBERTO PADILLA,

        *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:           JONATHAN R. GOLDMAN, Goldman Law, PLLC, Newburgh, NY (Sussman & Associates, Goshen, NY, *on the brief*).

FOR DEFENDANT-APPELLEE:            MATTHEW C. HEERDE, Heerde Law PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 24, 2025 judgment of the district court is **AFFIRMED**.

Plaintiff Tracy Y. Allen, who is Black, sued Defendant Roberto Padilla under 42 U.S.C. § 1983 after Padilla retracted his initial offer to hire her to be director of the Newburgh Free Library (the "Library") and hired a white woman, Mary Lou Carolan, instead. Allen asserted that Padilla discriminated against her on the basis of race in violation of her Fourteenth Amendment rights. But the district court granted summary judgment to Padilla because Allen offered insufficient evidence for a reasonable jury to find that discriminatory intent was a but-for cause of Padilla's decision not to hire her. On appeal, Allen argues that a reasonable jury could infer racial discrimination from the fact that Padilla's stated reasons for not hiring her were pretextual. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a district court's decision to grant summary judgment on claims of employment discrimination under 42 U.S.C. § 1983 de novo, applying the "*McDonnell Douglas* framework used in the Title VII context." *Chislett v. New York City Dep't of Educ.*, 157 F.4th 172, 183, 185 (2d Cir. 2025) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). At the first step of *McDonnell Douglas*, the plaintiff must "establish a *prima facie* case by showing that: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination." *Raspardo v. Carlone*, 770 F.3d 97, 125 (2d Cir. 2014) (internal quotation marks omitted). At the second step, "the burden shifts to the defendant employer to

2

provide a legitimate, non-discriminatory reason for the action." *Id.* And at the third step, "the burden shifts back to the plaintiff to prove discrimination, for example, by showing that the employer's proffered reason is pretextual." *Id.* (internal quotation marks omitted). Beyond satisfying the *McDonnell Douglas* framework, plaintiffs bringing § 1983 claims must "establish that the defendant's discriminatory intent was a 'but-for' cause of the adverse employment action." *Naumovski v. Norris*, 934 F.3d 200, 214 (2d Cir. 2019). The "final and ultimate burden" is thus on a § 1983 plaintiff "to establish that discrimination was the cause of the adverse action." *Chislett*, 157 F.4th at 186 (internal quotation marks omitted).

The parties do not dispute that the first and second steps of the *McDonnell Douglas* framework are satisfied. So we consider only whether Allen has shown a factual dispute regarding whether Padilla's reasons for not hiring her are pretextual and whether Allen satisfied her "ultimate burden" to "establish that discrimination was the cause of the adverse action." *Id.* (internal quotation marks omitted).

Allen has offered no evidence that Padilla's stated reason for not hiring her—*i.e.*, her "insistence that she did not want to work with Ms. Carolan," who was already employed by the Library as assistant director—was pretextual. Joint App'x at 318. Allen concedes that she told Padilla that she "did not want to work with Ms. Carolan" when he suggested that they could be co-directors after he initially offered Allen the job. *Id.* at 317. She also told another employee at the Library that she was "not interested in working with" Carolan. *Id.* at 315 (internal quotation marks omitted). And Allen does not contend that it was unreasonable for Padilla to decide not to hire a Library director who was opposed to working with the assistant director. Instead, Allen argues that this reason for not hiring her was pretextual because she said she was "willing" to be co-directors with Carolan. Appellant's Reply Br. at 11. But that would not render pretextual

3

Padilla's reasonable conclusion that Allen's expressed concerns about working with Carolan made her a poor fit for the Library, even if Allen was "willing" to swallow those concerns to get the director role.

Moreover, even if there were a factual dispute as to pretext, Padilla would still be entitled to summary judgment because Allen has presented no evidence outside of her prima facie case that race was a "but-for" cause of Padilla's decision not to hire her. *See Naumovski*, 934 F.3d at 214. While there is no "*per se* rule requiring *in all instances* that [a plaintiff] offer more than a prima facie case and evidence of pretext" to prove employment discrimination, a defendant may be entitled to summary judgment when a "plaintiff has not demonstrated that the asserted pretextual reasons were intended to mask . . . discrimination." *Schnabel v. Abramson*, 232 F.3d 83, 88, 90 (2d Cir. 2000). In *Schnabel*, we thus affirmed a grant of summary judgment to the defendant because the plaintiff had "offered *no* evidence that he was discriminated against *because of*" his protected characteristic "beyond the minimal proof required to state a prima facie case." *Id.* at 88.

Similarly here, Allen "offered *no* evidence that [s]he was discriminated against *because of*" her race "beyond the minimal proof required to state a prima facie case." *Id.* Allen has not identified evidence that her race was discussed by Padilla "in the deliberations" over whom to hire, or that she was "subjected to any [race]-related comments or criticisms." *Id.* at 91. Further, Padilla retracted Allen's job offer for new reasons after initially deciding to hire her, and there is no evidence Padilla learned of Allen's race only after his initial decision. *Cf. id.* (it is "highly relevant" if "the person who made the decision to fire was the same person who made the decision to hire" because "it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire." (internal quotation marks omitted)). In short, there is insufficient

4

evidence for a reasonable jury to find that Allen was subjected to race discrimination—much less that race was a "but for" cause of Padilla's decision—even if the jury disbelieved Padilla's stated reasons for not hiring Allen. So Allen has not created a factual dispute on her "final and ultimate burden" to "establish that discrimination was the cause of the adverse action," and Padilla was entitled to summary judgment. *Chislett*, 157 F.4th at 186 (internal quotation marks omitted).

We have considered Allen's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court